NOT FOR PUBLICATION                                                                                          (Doc. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
Thomas UCKELE,                      :
                                    :
                    Plaintiff,      :         Civil No. 1:15-7569 (RBK)
                                    :
        v.                          :         **OPINION**
                                    :
ACTING COMMISSIONER OF SOCIAL       :
SECURITY,                           :
                                    :
                    Defendant.      :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of Thomas Uckele for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied his application for Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is vacated, and the Court will remand this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Opinion.

**I.     BACKGROUND**

On January 22, 2012, Mr. Uckele applied for SSDI under Title II of the Social Security Act because he suffered from disorders of the spine, depression, migraine headaches, and other impairments. Administrative Record ("Rec.") Ex. 1A, 94-118 (Doc. No. 5-3); Ex. 2D, 178-184 (Doc. No. 5-5). Mr. Uckele alleged disability as of May 6, 2011 and was insured for SSDI through December 31, 2017. *See* Pl.'s Br. at 1 (Doc. No. 8). Mr. Uckele's claim was denied by

1

the Commissioner and he filed a request for a hearing on December 28, 2012. *Id*. A hearing was held before an Administrative Law Judge on January 31, 2014, and the ALJ denied Mr. Uckele's claim on July 11, 2014. *Id*. Mr. Uckele submitted a request for review to the Appeals Council on July 28, 2014. *Id*. The Appeals Council denied Mr. Uckele's request for review on September 21, 2015, and the ALJ's determination became the final decision of the Commissioner. *Id*. Mr. Uckele filed this Complaint on October 19, 2015. (Doc. No. 1).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to determine if Mr. Uckele was disabled. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Ziransak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that he has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third, either the claimant shows that their condition is one of the Commissioner's listed impairments, demonstrating that he is disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); *see also* 20 C.F.R. Pt. 404, Subpt. P., Appx. 1.

Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that he cannot perform his past work, and the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404.1520(e) (same). If the claimant meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and final step, the Commissioner must establish that other available work exists that the claimant is capable of performing based on his RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," he is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ determined that Mr. Uckele had not engaged in substantial gainful activity during the period of May 6, 2011, the alleged date of disability onset through July 11, 2014, the date of the decision. Rec. 20. The ALJ further found that Mr. Uckele was severely impaired by his degenerative disc disease of the lumbar spine, carpal tunnel syndrome on the right, migraine headaches and depression. *Id.* at 21. At the third step, the ALJ held that Mr. Uckele's impairments did not meet or medically equal the severity of the Act's listed impairments. *Id*. The ALJ cited the fact that Mr. Uckele can wash the dishes, handle finances, walk around the block every day, drive a vehicle and perform some small repairs and yard work. *Id.* At the fourth and fifth steps, the ALJ held that although Mr. Uckele was unable to perform past relevant work, he had the residual functional capacity to perform a range of work at the light exertional level. *Id*. at 29. The ALJ held that there were other occupations that existed in significant numbers that Mr. Uckele could perform. *Id*. Based on these findings, the ALJ found that Mr. Uckele was not disabled under sections 216(i) and 223(d) of the Social Security Act

3

from May 6, 2011, the alleged onset date, through July 11, 2014, the date of the decision. *Id*. at 30.

## II.     STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The oft-used description for this standard is that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g.*, *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

Upon review, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F. 2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if they did not take into account the entire record or failed to resolve an evidentiary conflict. *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which

4

our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III. DISCUSSION

The ALJ determined that Mr. Uckele was not disabled within the meaning of the Social Security Act at any point during the relevant time period, and was therefore not entitled to SSDI benefits. Mr. Uckele asserts: (1) the ALJ failed to make a proper RFC determination because he did not take into account Mr. Uckele's severe medically determined impairment of migraine headaches; (2) the ALJ failed to properly weigh and consider the medical evidence of record, particularly the medical opinion of Mr. Uckele's treating neurologist; (3) the ALJ failed to properly evaluate Mr. Uckele's testimony regarding the limitations he suffers; (4) the ALJ failed to properly evaluate the vocational evidence of record; and (5) the ALJ record provides sufficient basis for an award of summary judgment in favor of Mr. Uckele. Pl.'s Br. at 6-22.

This Court finds for the reasons expressed below that the Commissioner's denial of Plaintiff's SSDI benefits is not supported by substantial evidence. Accordingly, the Commissioner's decision is vacated and this matter will be remanded to the ALJ.

### A. ALJ's Finding Regarding Residual Functioning Capacity

The ALJ found that Mr. Uckele could perform light work, albeit with certain limitations. Specifically, Mr. Uckele could not perform: climbing of ladders or crawling, no more than occasional climbing of stairs, balancing, stooping, kneeling and crouching, no more than frequent handling or fingering with the right upper extremity and with no more than occasional exposure to weather or extreme cold. Rec. 22-23. The ALJ also found that Mr. Uckele is limited to jobs that only require understanding, remembering and carrying out up to simple instructions. *Id*. at 23.

First, Mr. Uckele asserts his RFC determination was improper because his migraine headaches were not taken into account. As previously stated, the ALJ found that Mr. Uckele was severely impaired by his degenerative disc disease of the lumbar spine, carpal tunnel syndrome on the right, migraine headaches and depression. Rec. 21. Once an ALJ finds that there is a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, an ALJ must evaluate, "the intensity and persistence of [the] symptoms . . . and determin[e] the extent to which [those] symptoms limit [the individual's] capacity for work." 20 C.F.R. § 416.929(c). When determining the RFC of an individual who suffers from a mental impairment, an ALJ should consider an acceptable medical source's opinion about the individual's "ability to carry out certain mental activities, such as . . . understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting." 20 C.F.R. § 416.945(c).

The ALJ found that Mr. Uckele's medically determinable impairments could reasonably be expected to cause his alleged symptoms. Rec. 24. However, Mr. Uckele is correct that the ALJ did not adequately address his migraine headaches in assessing his RFC; indeed, after classifying the injury as severe, the ALJ failed to articulate why these injuries were severe, let alone address this impairment any further. Accordingly, because all impairments, severe and non-severe, must be assessed when considering an RFC, *see* SSR 96-8p, 1996 WL 374184 (July 2, 1996), the ALJ must address Mr. Uckele's migraine headaches as part of his step three findings to fully develop the record on remand. *See Burnett v. Commissioner,* 220 F.3d 112, 119–20 (3d Cir. 2000) (standing for the proposition that when a decision regarding an impairment is left so devoid of evidence or some sign of the thought process the ALJ utilized, the Court is unable to conduct a "meaningful judicial review" and holding that ALJ's bare

6

conclusion that the claimant's severe impairment did not meet the requisite level of severity in Appendix 1 was unsatisfactory).

Second, Mr. Uckele asserts that the ALJ failed to consider and weigh all of the medical evidence on record, specifically the records from his treating neurologist Dr. Abidi. In a SSDI hearing, "[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987)). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429 (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985). Ultimately, the ALJ must consider all of the evidence and provide a reason for discounting evidence but "cannot reject evidence for no reason or for the wrong reason." *Plummer*, 186 F.3d at 429 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).

Mr. Uckele is correct that the ALJ did not adequately consider the medical evidence of record. The medical records and opinions of Mr. Uckele's neurologist, Dr. Abidi, are contained in the evidence of record but are not mentioned anywhere in the ALJ's findings. Mr. Uckele's migraine headaches are barely addressed. Thus, it is impossible to determine whether the ALJ even considered Dr. Abidi's records in his conclusions. The ALJ may not outright ignore or reject Dr. Abidi's opinions and records without conflicting medical evidence and an explanation, nor can the ALJ afford Dr. Abidi's opinions less weight without a supporting explanation on the record. Accordingly, because treating physicians' reports and opinions must be addressed in a

RFC determination, *see* SSR 96-2p, 1196 WL 374188 (July 2, 1996), the ALJ must address Dr. Abidi's records and opinions as part of his findings and thus fully develop the record on remand.

Third, Mr. Uckele asserts that the ALJ failed to properly evaluate his testimony of disabling pain and limitations pursuant to the requirements provided for in 20 C.F.R. section 404.1520 and Social Security Ruling 96-7p. Social Security Ruling 96-7p provides that an ALJ must first determine whether there is an underlying "medically determinable physical or mental impairment(s) that could reasonably be expected to produce the [claimant's] symptoms." SSR 96-7p, 1996 WL 374186 (July 2, 1996). If the ALJ determines that there is such an impairment or impairments, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the symptoms" and "determine the extent to which the symptoms affect the individual's ability to do basic work activities." *Id.* This requires the ALJ to make a finding as to the individual's credibility. *Id.*

In determining an individual's credibility, the ALJ must consider the entire case record, including all relevant medical evidence, the individual's statements about the symptoms, and any other relevant information. *Id.* "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.* Finally, "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

The Third Circuit established a four-part inquiry to use when considering a claimant's subjective complaints, which requires:

> (1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence; (2) that subjective pain may support a claim for disability benefits and may be disabling; (3) that when such complaints are supported by medical evidence, they should be given great weight; and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence.

*Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir. 1985) (internal citations omitted). If an ALJ does not find the subjective claims of an individual credible, however:

> the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work.

SSR 95–5p, 1995 WL 670415 (October 31, 1995); *see also Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 432 (3d Cir. 1999).

In this case, the ALJ did find that Mr. Uckele's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Rec. 24. However, the ALJ concluded that Mr. Uckele's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* Mr. Uckele argues that the ALJ ignored all of the testimony from him and his wife regarding the nature and persistence of his limitations. Pl.'s Br. at 16. Additionally, Mr. Uckele alleges that the ALJ cited selected portions of statements made by him without considering his accompanying limitations. *Id.*

The ALJ did not misconstrue Mr. Uckele's admissions as to his ability to carry out daily life functions. *See* Rec. 24; Exhibit 3E, Rec. 287-94 (Doc. No. 5-6); Exhibit 4E, Rec. 295-302; Exhibit 5E, Rec. 303-05. The ALJ highlighted Mr. Uckele's ability to wash the dishes, handle finances, walk around the block every day, drive a vehicle, and perform some small repairs and

9

yard work. Rec. 24. The ALJ addressed both the testimony of Mr. Uckele and his wife in his determination and noted inconsistencies in Mr. Uckele's testimony and other evidence of record. Rec. 23-25. The ALJ pointed to a December 2009 consultative examination in which Mr. Uckele "alleged his wife did the cooking, cleaning, laundry and shopping, despite his admission to such activities in the aforementioned Function Reports." Rec. 25. Further, the ALJ noted that contrary to Mr. Uckele's allegations that he required assistance dressing, he needed no help changing for the examination. *Id*. He did not require assistance getting on and off the examination table, he was able to rise from a chair without difficulty and used no assistive devices during the exam, despite his allegations of difficulty sitting, walking and standing, and use of a cane. *Id.* at 23-25.

The ALJ also noted that Dr. Bagner's examination revealed that contrary to Mr. Uckele's complaints, he was able to dress/undress without assistance, was not uncomfortable in the seated position, and did not use any assistive devices. *Id*. at 27. He had moderate difficulty walking heel to toe and getting on/off the examining table. *Id*. Mr. Uckele had normal range of motion of the cervical spine and no sensory abnormality in the upper extremities. *Id.* Dr. Pirone opined Mr. Uckele was limited to a range of light work at the light exertional level with no more than occasional climbing of ladders/ropes/scaffolds/ramps/stairs, balancing, stooping, kneeling, crouching and crawling. *Id*. at 27-28 Dr. Rempello affirmed this opinion. *Id*. at 28. Dr. Bagner noted that Mr. Uckele did not require a cane to ambulate. *Id*. at 28. The ALJ assigned partial weight to Dr. Bagner's opinion that Mr. Uckele could lift/carry up to 50 pounds occasionally and 20 pounds frequently. Rec. at 28-29. The ALJ deemed this an overestimate of Mr. Uckele's functional abilities, but agreed with Dr. Bagner's opinion that "due to his occasional balance problems, back pain, and left leg pain, he should be restricted from any jobs requiring climbing

of ladders or crawling or more than occasional climbing of stairs, balancing, stooping, kneeling and crouching." *Id.* at 29.

Although not explicitly argued by Mr. Uckele, the ALJ did fail to take into consideration Mr. Uckele's pain from his severe migraine headaches. Accordingly, because the ALJ must determine the credibility of the claimant's statements about pain in a RFC determination, *see* SSR 96-7p, the ALJ must address Mr. Uckele's statements regarding the pain from his migraine headaches as part of his findings to fully develop the record on remand.

### B. ALJ's Finding Regarding Alternate Jobs in the National Economy

Next, Mr. Uckele asserts that the ALJ failed to properly evaluate the vocational evidence of record. A vocational expert's testimony may only be considered if "the questions accurately portray the claimant's individual physical and mental limitations." *Schonewolf*, 972 F. Supp. at 289 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). The Third Circuit has clarified that the ALJ need not submit to the vocational expert every impairment alleged by the claimant, but simply the impairments in the record. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). But a vocational expert's testimony in response to hypothetical questions may not be relied upon when the ALJ did not determine the plaintiff's actual condition and limitations by substantial evidence. *Schonewolf*, 972 F. Supp. 277 at 289. The Court finds that the vocational expert's testimony was unreliable because the ALJ failed to support the RFC determination by substantial evidence before posing Plaintiff's condition to the vocational expert.

### C. Summary Judgment

Finally, Mr. Uckele encourages the Court to grant summary judgment in his favor and argues that a remand will be contrary to the remedial spirit of the SSA. Mr. Uckele cites *Smith v. Califano,* a case in which the Third Circuit granted summary judgment to the plaintiff after the

11

case had been pending for seven years, traveled between the ALJ and district court twice (with a referral to a Magistrate Judge), and finally went on appeal to the Third Circuit, in support of his argument that remand is inappropriate. 637 F.2d 968, 971 n.1 (3d Cir. 1981). This argument is unavailing.

Although the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," 42 U.S.C. § 405(g), remand is appropriate where the ALJ did not properly weigh the evidence or where the record was not fully developed. *See Kephart v. Richardson,* 505 F.2d 1085, 1090 (3d Cir. 1974); *Okunuga v. Astrue,* No. 09–2058, 2011 WL 445100, at *1 (D.N.J. Feb.4, 2011).

Here, because the ALJ did not properly weigh all the probative evidence before him or fully develop the record as required by statute, summary judgment is inappropriate and the Court will remand the case to the ALJ for further proceedings consistent with this Opinion. Further, as this matter is still in its infancy, the Court does not believe that a remand will be contrary to the remedial spirit of the SSA.

## IV.    CONCLUSION

For the reasons discussed above, the decision of the Commissioner is vacated and the Court will remand this matter to the ALJ for further proceedings consistent with this Opinion.


Dated:  11/10/2016                                                                              s/Robert B. Kugler
                                                                                                            ROBERT B KUGLER
                                                                                                            United States District Judge